# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **FREDDIE L. ROBERSON,** | Case No. 2:07-cv-02458-AK |
| Plaintiff, | |
| v. | **ORDER** |
| **JAMES E. TILTON, et. al.,** | |
| Defendants. | |

Freddie Roberson, a state prisoner, filed a <u>pro se</u> civil rights complaint under 42 U.S.C. § 1983 alleging deliberate indifference to his serious medical needs. This case was reassigned to the undersigned judge on November 24, 2008.

## I.      Screening Requirement

This court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief

page 2

from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

If the court determines that a pleading could be cured by the allegation of other

facts, a pro se litigant is entitled to an opportunity to amend a complaint before

dismissal of the action.  See Lopez v. Smith, 203 F.3d 1122, 1127–29 (9th Cir.

2000) (en banc).

The court should not, however, advise the litigant how to cure the defects.

This type of advice "would undermine district judges' role as impartial

decisionmakers." Pliler v. Ford, 542 U.S. 225, 231 (2004).  Plaintiff's complaint

will be dismissed in part for failure to state a claim with leave to amend because

the dismissed claims may possibly be saved by amendment.


## II.   Complaint

Roberson names the following defendants in the complaint: Director of

California Department of Corrections James Tilton, Warden Tom Felker, Chief

Medical Officer S. Michael Roche, Prison Health Care Manager Norma

Acquaviva, Dr. J. James and Nurse J. Daniels.

Roberson raises five grounds for relief in the complaint:

(1)   The prison medical staff delayed his treatment for Hepatitis C.

(2)   Defendant James overmedicated him with ribavirin and interferon,
      and James's substandard treatment of his Hepatitis C caused him to

develop a serious skin condition and possibly damaged his liver and white blood cells.

(3)     The prison medical staff did not correctly treat his serious skin condition.

(4)     Defendant Daniels refused to examine him, or send a doctor to examine him, after complaints of chest pains and shortness of breath, despite knowing that he is a prime candidate for heart attack or stroke.

(5)     Defendants Tilton, Felker, Roche and Acquaviva failed to sufficiently supervise prison medical staff to ensure that adequate medical care was provided.

Roberson seeks damages and injunctive relief.

## III.   Analysis

To state a claim for inadequate prison medical care under the Eighth Amendment, Roberson must allege facts documenting a serious medical need and that a defendant acted with deliberate indifference to that need. See Estelle v. Gamble, 429 U.S. 97, 104–06 (1976).  A prison official acts with deliberate indifference when "the official knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994).  Deliberate indifference "'may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir.

2006) (quoting <u>McGuckin</u> v. <u>Smith</u>, 974 F.2d 1050, 1059 (9th Cir. 1991),

<u>overruled on other grounds by</u> <u>WMX Techs., Inc.</u> v. <u>Miller</u>, 104 F.3d 1133 (9th

Cir. 1997) (en banc)).  "Deliberate indifference is a high legal standard." <u>Toguchi</u>

v. <u>Chung</u>, 391 F.3d 1051, 1060 (9th Cir. 2004).  Mere negligence or malpractice by

a prison official is not deliberate indifference.  <u>See</u> <u>Farmer</u>, 511 U.S. at 835.

## A.    Delay in Treatment

Roberson alleges that he contracted Hepatitis C after being housed in a cell

with an infected inmate.  He claims that he tested positive for the disease in July

2004 and requested treatment, but the prison medical staff didn't start treatment

until two years later, when he had already developed chronic Hepatitis C stage 3

liver fibrosis.

A prisoner can establish deliberate indifference based on delay in medical

treatment if the delay was harmful.  <u>See</u> <u>Shapley</u> v. <u>Nev. Bd. of State Prison</u>

<u>Comm'rs</u>, 766 F.2d 404, 407 (9th Cir. 1985) (per curiam).  Roberson must allege

facts showing how one or more of the defendants knew of his medical condition

and deliberately or recklessly did nothing about it.  The two-year delay here

appears harmful, but the complaint doesn't specify which, if any, of the named

defendants were aware of a delay and deliberately withheld medical care.

page 5

Roberson doesn't allege facts "plausibly showing" that any named defendant both

knew of his condition and deliberately or recklessly delayed his treatment.  See

Ashcroft v. Iqbal, 129 S. Ct. 1937, 1952 (2009).

## B.    Improper Medication and Overmedication

Roberson further alleges that the medicine defendant James prescribed for

his Hepatitis C caused him to develop a serious skin condition.  And he claims

James overmedicated him by extending the treatment beyond twelve months,

possibly injuring his liver and destroying his white blood cells.

To state a claim of deliberate indifference based on the administration of

medication, Roberson must show that James knew of, and disregarded, an

excessive risk to his health from the treatment regime he prescribed.  See Farmer,

511 U.S. at 837.  "[A] complaint that a physician has been negligent in diagnosing

or treating a medical condition does not state a valid claim of medical mistreatment

under the Eighth Amendment."  Estelle, 429 U.S. at 106.  Although James

prescribed a twelve month treatment period, Roberson was treated for thirteen

months.  Roberson fails to allege that James was either personally involved in

administering the medicine beyond twelve months or that he actually knew that the

nurses continued to medicate him.  And even if James knew of the additional

month of treatment, Roberson doesn't allege that James knew this extra month was

medically unjustified and dangerous, but still continued the treatment in conscious

disregard of the excessive risk to Roberson's health.  Additionally, Roberson only

states that the overmedication "possibly" injured his liver and destroyed his white

blood cells.  He fails to allege that the overmedication caused him actual serious

medical harm.

### C.    Treatment of Skin Condition

Roberson alleges that he developed a "forever worsening" skin condition

with "busted skin and rashes" on parts of his body.  He claims he was seen by

(unidentified) medical staff several times, but each time he was prescribed creams

that proved ineffective in resolving his condition and he was never seen by a

doctor.  However, nothing in Roberson's complaint indicates that any of the named

defendants were involved in or directed the treatment of his skin condition.

Additionally, Roberson's allegations at most demonstrate medical malpractice or

negligence.  He fails to show that the staff knew that Roberson needed different

medication or should be referred to a doctor but purposefully ignored the risk to his

health by continuing to treat him with ineffective skin creams.

### D.    Response to Heart Attack Symptoms

Roberson alleges that Daniels had known for several years that he suffers from chronic hypertension and was a prime candidate for heart attack or stroke. But when he visited the prison clinic after experiencing sharp chest pains, heart flutters, fatigue and "other disturbing symptoms," Daniels berated him and ordered him returned to his cell without examining him.  He says he filed a request for emergency medical attention when the symptoms returned, which detailed this medical history, but Daniels denied his request.

Roberson has stated a cognizable claim of deliberate indifference against Daniels.  His allegation that Daniels failed to take any action in response to his complaints of heart attack symptoms, despite being informed of his high risk for heart attack, supports a claim that Daniels was aware of, but deliberately disregarded, a serious risk to Roberson's health.

### E.     Supervision of Prison Medical Staff

Roberson claims defendants Tilton, Felker, Roche and Acquaviva failed to properly supervise the prison medical staff to ensure that adequate medical care was provided.  A supervisor is only liable for inadequate care if he personally "'participated in or directed the violations, or knew of the violations and failed to act to prevent them.'"  Hydrick v. Hunter, 500 F.3d 978, 988 (9th Cir. 2007)

(quoting <u>Taylor</u> v. <u>List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989).  Roberson doesn't allege facts plausibly showing that these defendants were responsible for any inadequate medical treatment or that they knew of but disregarded an excessive risk to his health.  Roberson does allege that he wrote Roche a letter explaining his concerns about the treatment of his Hepatitis C and skin condition.  But Roberson fails to explain how Roche knew that Roberson's treatment was inadequate.

## IV.   Conclusion and Order

Plaintiff's complaint states a claim against defendant Daniels for a violation of the Eighth Amendment, but not against defendants James, Tilton, Felker, Roche and Acquaviva.  Plaintiff may decide to continue his lawsuit against defendant Daniels alone.  Alternatively, plaintiff may try to cure the deficiencies outlined above in his claims against the other defendants by amending his complaint.

If plaintiff doesn't wish to file an amended complaint and is agreeable to proceeding only on the claim against defendant Daniels, he must notify the court in writing within 60 days.  Plaintiff should complete and return a notice of submission, a summons and a USM-285 form.  He should also include two copies of his original complaint.  Upon receipt of the forms, the court will order dismissal of the other defendants and direct the United States Marshal to initiate service of

process against Daniels.

If plaintiff chooses to amend the complaint, he must clearly designate on the face of the document that it is the "First Amended Complaint." The amended complaint must be retyped or rewritten in its entirety on the form provided with this order and may not incorporate any part of his prior complaint by reference. Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.

Plaintiff should pay close attention to the instructions provided with the complaint form. If he fails to comply with the court's instructions, the court may strike the amended complaint and dismiss the action without further notice. In each count, plaintiff must identify what federal right was violated, identify the issue most closely involved in that count, state which defendants violated that right and what those defendants did to violate that right, explain how plaintiff was injured by the alleged violation and identify whether plaintiff has exhausted any administrative remedies. Plaintiff must repeat this process for each right that was allegedly violated. Plaintiff may allege only one claim per count.

Finally, plaintiff is advised that a first amended complaint supersedes the original complaint. United States v. Fine, 963 F.2d 1258, 1262 (9th Cir. 1992) (en banc). If plaintiff chooses to file an amended complaint, the court will treat the

page 10

original complaint as nonexistent.  Id.  Any cause of action that was raised in the

original complaint is waived if it is not raised in a first amended complaint.  King

v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).


**IT IS ORDERED:**

(1)     The Clerk of Court shall send plaintiff a copy of this order, a copy of
        the complaint filed on November 16, 2007, an application to proceed
        in forma pauperis, a complaint form, a copy of the Local Rules, one
        USM-285 form, a summons and an instruction sheet.

(2)     Within **sixty (60) days** from the date of service of this order, plaintiff
        must either:

        (a)     File an amended complaint curing the deficiencies identified by
                the court in this order, **or**

        (b)     Notify the court in writing that he does not wish to file an
                amended complaint and wishes to proceed only against
                defendant Daniels.

(3)     If plaintiff chooses not to amend the complaint and instead chooses to
        proceed with service of the current complaint, he must submit the
        following within **60 days**:

        (a)     The completed Notice of Submission of Documents;

        (b)     A completed summons for defendant Daniels;

        (c)     A completed USM-285 for defendant Daniels; and

        (d)     Two copies of the complaint filed on November 16, 2007 to the
                Clerk of Court.

page 11

(4)     If plaintiff fails to comply with this order, this action will be
        dismissed for failure to obey a court order.

(5)     Plaintiff should submit a new <u>in forma pauperis</u> application with
        updated financial information.


**ALEX KOZINSKI**
Chief Circuit Judge
Sitting by designation

August 21, 2009

1

2

3

4

5

6

7

8

9               IN THE UNITED STATES DISTRICT COURT

10           FOR THE EASTERN DISTRICT OF CALIFORNIA

11  Freddie L. Roberson

12              Plaintiff,                    Case No. 2:07-cv-2458 AK

13         vs.

14  James E. Tilton, et. al.,               NOTICE OF SUBMISSION

15              Defendants.                  OF DOCUMENTS

16  _____/

17          Plaintiff hereby submits the following documents in compliance with the court's

18  order filed _____:

19          _____       completed summons form

20          _____       completed USM-285 forms

21          _____       copies of the _____
                                      Complaint/Amended Complaint
22  DATED:

23

24                                          _____
                                            Plaintiff
25

26